UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-61-B-W |
| | ) | |
| PEDRO JULIO ROSARIO | ) | |

**ORDER DENYING MOTION FOR REDUCTION SENTENCE UNDER THE FAIR SENTENCING ACT OF 2010**

On April 21, 2010, Pedro Julio Rosario filed a motion for a reduction, or appointment of counsel to pursue a reduction, in his sentence based on the Fair Sentencing Act of 2010 and 18 U.S.C. § 3582(c)(2).  *Mot. for Reduction of Sentence Under the Fair Sentencing Act of 2010* (Docket # 167).  Mr. Rosario contends that the Fair Sentencing Act of 2010, "effective on March 17, 2010, further reduces the offense level for crack offense, including the elimination of mandatory minimum sentence for simple possession."  *Id*.  Mr. Rosario suggests that by directing the Sentencing Commission to "promulgate the guidelines, policy statements, or amendments provided for in this act," the Fair Sentencing Act of 2010 triggers a sentence reduction under 18 U.S.C. § 3582(c)(2).  *Id*.  Section 3582(c)(2) of the United Sates Code title 18 states that a court "may reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The Fair Sentencing Act of 2010, however, remains pending legislation.  On March 17, 2010, the Senate approved the Fair Sentencing Act of 2010 bill, but the bill has not yet been passed by the House or signed by the President.  Until the proposed legislation becomes law, the Court cannot consider its affect on Mr. Rosario's sentence.  *Accord United States v. Arellano-*

*Arellano*, Nos. 5:07CR00063 and 7:10CV80242, 2010 WL 1816558, at *3 (W.D. Va. April 30, 2010) (describing how the Fair Sentencing Act of 2010 remains proposed legislation because although passed by the Senate, it has not been passed by both houses of Congress or signed by the president); *United States v. Butler*, Criminal No. WDQ-03-0305, 2010 WL 1609731, at *1 (D. Md. April 20, 2010) (dismissing the appeal stating, "Because [the Fair Sentencing Act of 2009, the Fairness in Cocaine Sentence Act of 2009 and the Crack-Cocaine Equitable Sentencing Act of 2009] are not law, they do not provide a basis for relief").[1]

The Court DENIES Mr. Rosario's Motion for Reduction of Sentence Under the Fair Sentencing Act of 2010 (Docket # 167).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2010

---

[1] The Court expresses no view as to whether the final legislation, if enacted, will affect Mr. Rosario's 76 month sentence. As the Court explained, Mr. Rosario benefitted from the November 1, 2007 amendments to the guidelines, authorizing a crack cocaine reduction. *Order Denying Mot. Under Title 18 U.S.C. § 3582(c)(1)(a)(i) and U.S. Sentencing Guidelines § 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Am. Nine, Which Became Effective on Nov. 1, 2007 and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base* at 1 (Docket # 166); *Order on Def.'s Mot. for Clarification* at 2, n.3 (Docket # 164).