UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07-cr-00061-JAW |
| | ) | |
| PEDRO JULIO ROSARIO | ) | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(C)(2)**

Following Pedro Rosario's guilty plea to the crime of conspiring to possess with the intent to distribute fifty or more grams of cocaine base, on October 28, 2008, the Court sentenced Pedro Rosario to seventy-six months incarceration. *J.* (Docket # 140). In arriving at this sentence, the Court applied the crack cocaine guideline reductions that the United States Sentencing Commission promulgated effective November 1, 2007. *See Order on Def.'s Mot. for Clarification* at 2 n.3 (Docket # 164) (*Order*). Mr. Rosario faced a guideline range of between 135 and 168 months under the old crack cocaine guideline, but this guideline range dropped to 108 to 135 months under the amended guidelines, and with the benefit of the Government's motion under U.S.S.G. § 5K1.1, Mr. Rosario received a much lighter sentence than he would have received just one year before. *Id.*

He remains dissatisfied. On December 9, 2009, he moved for clarification, asking whether he had in fact been sentenced under the new crack cocaine guidelines. *Def.'s Mot for Clarification of Sentence Regarding Crack Cocaine Amendment* (Docket # 162). By Order dated December 22, 2009, the Court denied the motion, explaining to Mr. Rosario that he had in fact been sentenced under the

more lenient crack cocaine guidelines. *Order*. Mr. Rosario persisted and on January 11, 2010, he filed a motion to reduce sentence, requesting that the crack cocaine amendments be applied to his sentence. *Def.'s Mot. to Reduce Sentence Regarding Crack Cocaine Amendment* (Docket # 165). On January 19, 2010, the Court issued another order, explaining that Mr. Rosario had already received the relief he was seeking. *Order Denying Mot. to Reduce Sentence Regarding Crack Cocaine Amendment* (Docket # 166).

Undeterred, on April 21, 2010, Mr. Rosario moved for a sentencing reduction under the Fair Sentencing Act of 2010 (FSA). *Def.'s Mot. to Reduce Sentence under Fair Sentencing Act of 2010* (Docket # 167). The Court denied the motion on May 17, 2010 because the FSA had not been enacted. *Order Denying Mot. to Reduce Sentence under Fair Sentencing Act of 2010* (Docket # 168). Once the legislation passed, Mr. Rosario tried again and on August 18, 2010, moved for a reduction of his sentence under the newly enacted legislation. *Def.'s Mot. to Reduce Sentence Under 18 U.S.C. § 3582(c)(2).* (Docket # 169) (*Def.'s Mot.*).

The FSA became effective on August 3, 2010. *See* Publ. L. No. 111-220, 124 Stat. 2372 (2010). The FSA amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 to 280 grams the amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentence, and by raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum. *Id.* § 2(a)(1), (2). The fundamental flaw in Mr. Rosario's position is that he did not receive a mandatory minimum sentence so the FSA, even if retroactive, does not apply.

Even if the FSA reduced Mr. Rosario's sentence, which it does not, the FSA does not apply to him because it is not retroactive to sentences imposed before August 3, 2010. On October 27, 2010, Judge Hornby of this District concluded that the provisions of the FSA are not retroactive to sentences imposed before its effective date.[1] *United States v. Butterworth*, Criminal No. 06-62-P-H, 2010 U.S. Dist. LEXIS 114589 at *1-2 (D. Me. Oct. 27, 2010). The Court adopts Judge Hornby's view, a conclusion uniformly supported by circuit case law. *United States v. Glover*, No. 09-1725-cr, 2010 U.S. App. LEXIS 22211, at *5 (2d Cir. Oct. 27, 2010); *United States v. Brewer*, No. 09-3909, 2010 U.S. App. LEXIS 21683, at *20 n.7 (8th Cir. Oct. 21, 2010); *United States v. Bell*, Nos. 09-3908, 09-3914, 2010 U.S. App. LEXIS 21614, at *27 (7th Cir. Oct. 20, 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010)..

Mr. Rosario also seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2), *Def. Mot.* at 1. That subsection provides that a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Other than citing the statute and stating that the new law "reduces the offense level and eliminates the

---

[1] In a companion case, Judge Hornby concluded that the Fair Sentencing Act is applicable to individuals who have yet to be sentenced, even though they committed their crimes before the effective date of the statute. *United States v. Douglas*, Criminal No. 09-202-P-H, 2010 U.S. Dist. LEXIS 114464 (D. Me. Oct. 27, 2010). As Mr. Rosario was sentenced before August 3, 2010, *Douglas* does not apply to Mr. Rosario.

minimum mandatory for simple possession," *Def.'s Mot.* at 1, Mr. Rosario does not explain why this provision applies to him. It does not.

To come within § 3582(c)(2), a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." As the Court has previously explained to Mr. Rosario, he was not sentenced based on the sentencing range in the Guidelines. His sentencing range was 108 to 135 months under the amended guidelines and he received a sentence of 76 months. Section 3582(c)(2) does not apply. Further, as the Court has repeatedly explained to Mr. Rosario, despite his insistence that he was sentenced to a mandatory minimum sentence, he was not.

It is true that on October 15, 2010, acting pursuant to its emergency powers, the United States Sentencing Commission promulgated an emergency, temporary amendment implementing the Fair Sentencing Act of 2010 effective November 1, 2010. *See* U.S.S.G. Supp. to 2010 Guidelines Manual at 42-46 (explaining November 1, 2010 amendments to guidelines for crack cocaine offenses). By the amendment, the Commission increased the quantity of crack cocaine that triggers a five-year mandatory minimum from 5 to 28 grams and the quantity that triggers the ten-year mandatory minimum from 50 to 280 grams, and the Commission listed certain aggravating factors. *Id. See also* U.S.S.G. § 2D1.1 and cmts.

None of these amendments applies to Mr. Rosario. He was not subject to a five-year mandatory minimum and although he was originally subject to a ten-year mandatory minimum, he received a sentence below that statutory minimum

because the Government moved for reduction under U.S.S.G. § 5K1.1. Fortunately, the aggravating factors that were effective on November 1, 2010, which could have potentially increased his sentence, are not applicable. Thus, even if the Court could theoretically apply § 3582(c)(2) to a case where the sentencing guidelines changed after the imposition of a sentence, *see United States v. Santiago*, 566 F.3d 65, 72 (1st Cir. 2009), this statutory relief is not available to Mr. Rosario because he did not receive a sentence under the old sentencing guideline range and the new guidelines, if applied, would not in any event affect his sentence.

The Court DENIES the Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2).

SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2010